OPINION
This is an appeal from a order of the court of common pleas entered on August 13, 2003, denying a motion for a protective order asserting the attorney-client privilege with respect to materials requested in discovery, ordering submission of the materials for the court's inspection in camera.
The underlying action was commenced by Plaintiff, Elmer C. Doran, against Defendants, Northmont Board of Education and others, on multiple claims for relief. Doran eventually prevailed on his claim that Defendant Northmont Board of Education (the "Board") had met and acted in violation of R.C. 121.22, Ohio's "Sunshine Law." Reasonable attorneys fees are available to persons who prosecute such violations. R.C. 121.22(I)(2)(a);White v. Clinton County Board of Commissioners (1996), 76 Ohio St.3d 416. Doran sought attorneys fees.
During at least a part of his prosecution of his claims for relief against the Board, Doran was represented by Attorney Mary K.C. Soter. Attorney Soter's fees for services she provided Doran were encompassed by his attorney's fees claim. Based on those facts, the Board subpoenaed Soter's records of her representation of Doran by way of discovery to be produced at her deposition.
Soter moved for a protective order pursuant to Civ.R. 26(C), asserting the attorney-client privilege with respect to the subpoenaed materials. The Board opposed the motion. On August 13, 2003, the trial court denied the motion, holding that Doran's attorney's fee claim waived the privilege under the rule of Schaefer v. Garfield Mitchell Agency, Inc.
(1992), 82 Ohio App.3d 322. The court also ordered Soter to submit the subpoenaed documents, under seal, for the court's in camera inspection.
Soter filed a notice of appeal from the August 13, 2003 order on August 21, 2003. On that same date, the court journalized two orders. In one, the court stayed Soter's deposition and any further discovery until this appeal is determined. In the other, the court stated:
"The Court has examined, in camera, documents submitted under seal for which Attorney Mary K.C. Soter asserts attorney-client privilege.
"The Court ORDERS the release of a portion of those documents and has made copies of the released documents for Counsel.
"The document package has been resealed and shall remain part of the court file."
It appears that the court released to the attorney for the Board copies of those documents from Soter's file which the court had examined and found are not barred from discovery by the attorney-client privilege. Subsequently, on September 8, 2003, the court entered a form of stay, requiring the Board's attorneys to return the copies provided them and to not copy or otherwise make further use of them pending the determination of this appeal.
Soter presents two assignments of error for review. Because they present essentially the same argument, they will be considered together.
First Assignment of Error
"The right to the sanctity of communications of Elmer C. Doran with his attorney has been violated."
Second Assignment of Error
"Elmer C. Doran had not impliedly waived his attorney-client privilege by filing a motion for attorney fees."
Evid.R. 501 provides: "The privilege of a witness, person, state or political subdivision thereof shall be governed by statute enacted by the General Assembly or by principles of common law as interpreted by the courts of this state and in the light of reason and experience." Evid.R. 101(B) states: "The rule with respect to privileges applies at all stages of all actions, cases and proceedings conducted under these rules." Therefore, privileges and any exceptions thereto apply to proceedings in discovery authorized by Civ.R.26 through Civ.R. 37. Schaefer v. GarfieldMitchell Agency, Inc. (1992), 82 Ohio App.3d 322.
The attorney-client privilege in Ohio is governed by R.C. 2817.02, which states:
"The following persons shall not testify in certain respects:
"(A) An attorney, concerning a communication made to the attorney by a client in that relation or the attorney's advice to a client, except that the attorney may testify by express consent of the client or, if the client is deceased, by the express consent of the surviving spouse or the executor or administrator of the estate of the deceased client and except that, if the client voluntarily testifies or is deemed by section 2151.421
of the Revised Code to have waived any testimonial privilege under this division, the attorney may be compelled to testify on the same subject."
R.C. 2151.421 concerns reports of injury to and neglect of children and has no application to these proceedings. Absent the client's express consent, the only exception to the bar imposed by R.C. 2317.02(A) arises from the client's voluntary testimony concerning a communication protected by the section. The exception operates to waive the privilege.
Acting on the authority conferred on the courts by Evid.R. 501 to interpret statutes governing privileges, we held in Schaefer v. GarfieldMitchell Agency, Inc. that the client will be deemed to have waived the attorney-client privilege by implication "if (1) assertion of the privilege is the result of some affirmative act, such as filing suit, by the asserting party, and (2) through the affirmative action, the asserting party has placed the protected information at issue by making it relevant to the case, and (3) application of the privilege would deny the opposing party access to information vital to its defense, the court should find that the asserting party has impliedly waived the privilege through its own affirmative conduct." Id. at 330, citing Hearn v. Rhay
(E.D. Wash. 1975), 68 F.R.D. 574.
In Schaefer, we found that the materials sought did not satisfy the second and third prongs of the test because, as evidence, they concerned matters which were collateral to the claim for relief asserted in the action, which alleged negligence on the part of an insurance agent. Here, Doran's attorney fee claim satisfies all three prongs of theSchaefer test: Doran "filed suit" seeking fees; whether the services Soter provided were "reasonable" is at issue per R.C. 121.22(I)(2)(a); and, denying the Board access to Soter's files concerning her representation would deprive it of information it needs to show that the fees requested are not "reasonable." Id. Therefore, the trial court did not err when it applied Schaefer to grant the relief it ordered providing for an in camera inspection by the court.
Soter relies on several other authorities, including the Disciplinary Rule governing an attorney's duty of confidentiality as well as several decisions of other courts. We find the decisions are not on point. The Disciplinary Rule does not permit an attorney to ignore a court's lawful order, or render the order itself unlawful.
Soter does not argue that any of the materials which the court held must be disclosed are irrelevant to Doran's claim for attorney fees. Therefore, whether or not they are is not an issue before us.
Finally, Soter argues that we should remand the case for findings necessary to the relief the court granted. She points out that, in its decision, the court held that Doran "may have impliedly waived the attorney-client privilege by filing a motion for attorney fees," not that Doran did waive the privilege by implication. However, any ambiguity is avoided by the fact that the relief the court granted necessarily presumes a finding of waiver, and its effect, if any, is superseded by our holding that a waiver occurred.
The assignments of error are overruled. The judgment of the trial court from which the appeal is taken will be affirmed.
Brogan, P.J. and Wolff, J., concur.